Dear Mr. Knapp:
You have requested our opinion whether a parole and probation agent may have access to records of a supervisee's arrest on child abuse charges and the associated reports of the investigation of the alleged abuse that are in the custody of the Baltimore Police Department.
In our opinion, the Police Department may inform parole and probation agents of a supervisee's arrest on a charge related to child abuse and may disclose information contained in a charging document filed in court. Unless a court orders otherwise, however, the Police Department may not give the agent information from the department's investigatory file.
 I Background
Your question arises from instances in which an individual being supervised on parole or probation in connection with child abuse charges is arrested on new charges relating to alleged child abuse. You explain that the supervisee's parole or probation agent would find it helpful to have access to the record of the arrest and to any underlying reports that the Police Department may have regarding the new charges.
The Police Department, relying on Article 88A, § 6(b) of the Maryland Code, has taken the position that disclosure of those arrest records and underlying reports is permissible only pursuant to a court order for a presentence investigation following the supervisee's conviction on the new charges. Hence, you ask whether that statute applies to the records of the Police Department, as well as to those of the local department of social services ("DSS").
 II Statutory Confidentiality Provisions
Article 88A, § 6(b) provides generally that "all records and reports concerning child abuse or neglect are confidential, and their unauthorized disclosure is a criminal offense. . . ." The statute, while broad, is not all-encompassing. It does not apply to the record of an arrest itself, as distinct from the investigative material underlying the decision to arrest. As Attorney General Sachs wrote, an "arrest is itself a matter of public record subject to disclosure in the absence of a court order to the contrary." 71 Opinions of the Attorney General 368, 375 (1986). Likewise, Article 88A, § 6(b) does not apply to charging documents and other papers filed in court. Unless sealed by a court order, the content of these documents may be disclosed to anyone. § 2-203 of the Courts Article. See Beckette v. State,31 Md. App. 85, 89, 355 A.2d 515 (1976); 68 Opinions of theAttorney General 330, 331 (1983).
In addition, even when records are covered, the statute authorizes disclosure of some information under limited circumstances. First, information concerning child abuse or neglect may be disclosed to any person under a court order or, in cases pending before the Office of Administrative Hearings, an order of an administrative law judge. Article 88A, § 6(b)(1).
Without a court order, information concerning child abuse or neglect may be disclosed only to particular persons under particular circumstances. These persons include (i) "personnel of local or State departments of Social Services, law enforcement personnel, and members of multidisciplinary case consultation teams, who are investigating a report of known or suspected child abuse or neglect"; (ii) other "local or State officials responsible for the administration of the child protective service . . . as necessary to carry out their official functions"; and (iii) the alleged abuser, if that person is responsible for the child's welfare and if "provisions are made for the protection of the identity of the reporter or any other person whose life or safety is likely to be endangered by disclosing the information . . . ." Article 88A, § 6(b)(2), (3), and (4).[1] Unauthorized disclosure of records and reports concerning child abuse is a criminal offense. Article 88A, § 6(b) and (e).
 III Application to Police Department Records
The provisions concerning the confidentiality of records and reports concerning alleged child abuse apply to the records and reports, and the information they contain, without regard to the identity of the custodian of the records. 71 Opinions of theAttorney General at 369 n. 1. Were those provisions construed to apply only to disclosure of information by DSS, the intended confidentiality of records concerning child abuse would be effectively nullified in many circumstances.
Under § 5-706(d) and (e) of the Family Law ("FL") Article, investigations of suspected child abuse are to be performed jointly by DSS, law enforcement agencies, and State's Attorneys. Indeed, investigations of suspected mental injury or sexual abuse must be conducted jointly. FL § 5-706(c) and (f). Further, in cases of suspected child abuse, DSS must make prompt preliminary and final reports of its findings regarding the suspected abuse to the local State's Attorney. FL § 5-706(h) and (i). Hence, information in the records and reports maintained by a police department often is identical to the information contained in records and reports in the custody of DSS. Disclosure of the police department's records would therefore be no different than disclosure of DSS's records.
Article 88A, § 6(b)(4) authorizes limited disclosure to the alleged perpetrator of the abuse, if he or she is responsible for the child's welfare and the reporter's identity is protected. No provision of § 6(b), however, authorizes disclosure to the alleged abuser's parole or probation agent without a court order. A parole or probation agent simply does not fall within any of the exceptions authorizing disclosure of child abuse information.[2] Neither does any other statute give parole and probation agents a right to review records concerning allegations that their supervisees have committed child abuse.Cf. State v. Runge, 317 Md. 613, 621, 566 A.2d 88, 91 (1989) (any basis for requiring disclosure of records protected by § 6(b) must be found outside that subsection).
However, a court may order disclosure of the information to a parole and probation agent if the court finds that disclosure is warranted. In making that determination, the court must balance the agent's need for the information against the public policy that DSS records be kept confidential, and "there should be no greater disclosure allowed than is necessary to meet the `need to inspect' shown by the [agent]." Baltimore City Dep't of Soc.Serv. v. Stein, 328 Md. 1, 31, 612 A.2d 880, 894 (1992).
When a criminal defendant charged with child abuse seeks discovery of DSS records concerning the alleged abuse, the court must consider "the nature of the charges brought against the defendant, and, the relationship between the charges, the information sought, and the likelihood that review of the records would result in the discovery of relevant information." Zaal v.State, 326 Md. 54, 81-82, 602 A.2d 1247, 1261 (1992). The Court of Appeals has held that essentially the same considerations are applicable when a defendant in a civil suit seeks discovery of DSS records pertaining to the plaintiff. Stein, 328 Md. at 31,612 A.2d at 894. In our opinion, analogous considerations should govern a court's consideration of a parole and probation agent's request for review of records pertaining to alleged child abuse.
 IV Conclusion
In summary, it is our opinion that the Baltimore Police Department may inform a parole or probation agent of the fact of the arrest of a supervisee on a charge related to child abuse, the date of the arrest, and the nature of the charge. The agent may be given complete information concerning the arrest, however, only if a court orders the disclosure after balancing the agent's need for the records against the public policy that those records be kept confidential.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 C. J. Messerschmidt Assistant Attorney General
_________________________ Jack Schwartz Chief Counsel Opinions and Advice
[1] Disclosure may also be made to persons providing treatment or care to the child, for treatment purposes; to the child's parent or custodian; to a public school superintendent when the alleged abuser is a public school employee alleged to have abused a student in the school system; or to the director of a child-care facility or child-placement agency when the alleged abuser is an employee of the facility or agency alleged to have abused a child in its care. Article 88A, § 6(b)(5) through (8).
[2] The exception for "law enforcement personnel" in § 6(b)(2) does not apply, because parole and probation agents are not encompassed by that term. See 63 Opinions of the Attorney General
502, 504 (1978). Moreover, the term "investigating" in that paragraph refers to the investigation conducted by the DSS and the police for the purposes of determining whether child abuse occurred and, if so, (a) whether the child should be removed from the home; (b) what services the family should be offered by DSS; and (c) whether and whom to charge with child abuse or a related offense. Parole and probation agents are not involved in those investigations.
 *Page 77